United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIMON A. KELETE,

          Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

          Defendants.

Case No. 25-cv-05826-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 10

Before the Court is Defendant Dr. Peter William Emblad's motion to dismiss. ECF Nos. 10, 11. The Court will grant the motion.

## I.     BACKGROUND

For purposes of deciding this motion, the Court accepts as true the following allegations from Plaintiff's Complaint. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

Plaintiff Simon Kelete is a resident of California. ECF No. 1 ¶ 3. Kelete sustained a head injury on July 13, 2023 after which he was taken to a hospital he calls "Kaiser Hospital."[1] *Id*. ¶¶ 6–8. After he arrived at the hospital, Kelete noticed two security guards next to him. *Id*. ¶ 9. Some time thereafter, between four and six San Francisco Police Department officers showed up and forced Kelete out of the emergency room and into the parking lot, in handcuffs, where he was forced to sit on the floor. *Id*. ¶ 12. The police officers told Kelete he was trespassing; he said he had received a wristband and was waiting for medical care. *Id*. ¶ 13. Office Kevin Gil wrote him a ticket, warning him that if he did not leave, the officers would take him to jail. *Id*. ¶¶ 13–14. When Kelete told them that he had not been treated or discharged, Officer Gil went into the

---

[1] The correct name of the Kaiser entity is the subject of a separate motion to dismiss. ECF No. 11. The Court uses the name "Kaiser" here for convenience.

hospital and got discharge papers, even though Kelete had not been treated or diagnosed. *Id.* Kelete alleges that Dr. Emblad, a Kaiser physician, participated in generating the discharge summary. *Id.* ¶ 29. Kelete left the hospital and walked to his mother's neighborhood, where he lost consciousness until someone woke him up. *Id.* ¶ 15. He eventually made it to his mother's house, where he again fell asleep. *Id.* ¶ 16. The next day, Kelete's ex-girlfriend took him to the emergency room at Sutter Health, where he was diagnosed with a concussion and discharged. *Id.* ¶ 18.

Kelete filed this complaint on July 11, 2025 against Defendants City and County of San Francisco, the San Francisco Police Department, SFPD Officers Kevin Gil, Mark Mitchinson, William Morales, Kaiser Hospital, Dr. Peter William Emblad, and Alejandro Rios Orozco. ECF No. 1. Of the complaint's four claims, three are asserted against Emblad, who is a doctor at Kaiser: a Section 1983 claim for violation of Kelete's 14th Amendment right to medical privacy (Claim Two); a claim denominated "negligence" which alleges a violation of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. 1395dd (Claim Three); and a claim for violation of the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56.10 *et seq.* (Claim Four). Emblad moved to dismiss the complaint on August 15, 2025. ECF No. 10. Kelete opposed the motion, ECF No. 27, and Emblad filed a reply, ECF No. 31.

## II.    ANALYSIS

Emblad moves to dismiss all three claims made against him.

The Court first turns to Kelete's Section 1983 claim. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim for a violation of the 14th

Amendment, a plaintiff must plead that: (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Emblad argues that he was not acting under color of state law.

"Under § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.'" *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir. 2008) (quoting *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir. 2000)). A private party is a willful participant if her actions are inextricably intertwined with those of the government, or she has conspired with the state to violate another's constitutional rights. *Brunette v. Humane Soc'y of Ventura County,* 294 F.3d 1205, 1211 (9th Cir.2002). "However, a bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [Defendant] acted under color of state law or authority." *Id.* (quoting *DeGrassi,* 207 F.3d at 647).

Kelete has not sufficiently pleaded any agreement between Emblad and SFPD officers, much less that he was in a conspiracy with state actors to reveal Kelete's medical information, or any inextricably intertwined activity between Emblad and SFPD officers. *See Brunette*, 294 F.3d at 1212. A "[p]laintiff's conclusory allegations that [a private party] was conspiring with state officers to deprive him of due process are insufficient" to survive a motion to dismiss for failure to state a claim, *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003), and here, there is not even that. The Court will dismiss this claim.

Kelete's next claim is pursuant to EMTALA for discharging him while he was still in need of medical attention and failing to appropriately diagnose or treat him. *Id*. ¶¶ 33–36. That claim must be dismissed because "[t]he plain text of the EMTALA explicitly limits a private right of action to the participating hospital." *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1256 (9th Cir. 1995). "[A]n EMTALA action cannot be brought against an individual physician because (1) the text of EMTALA explicitly limits private rights of action to hospitals, and (2) legislative history indicates clear congressional intent to bar actions against physicians." *Shtein v. Dignity*

United States District Court
Northern District of California

*Health*, No. CV 20-9800-MWF (AGRX), 2021 WL 2980593, at *3 (C.D. Cal. Mar. 17, 2021) (citing *Eberhardt*, 62 F.3d at 1256–57).

Kelete does not argue otherwise, but requests leave to amend his complaint to bring a claim for negligence. Such a claim would fall outside the statute of limitations. California Code of Civil Procedure § 340.5 states that "[i]n an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." It is apparent from the complaint that Kelete discovered the alleged misconduct on or immediately after the date of the event, July 13th, 2023. ECF No. 1 at 6. Any allegations of misconduct arising from the incident would therefore have to have been filed by July 14, 2024. The complaint, however, was filed on July 11, 2025. ECF No. 1. Thus, amendment would be futile. *Garcia v. Stemilt Ag Servs. LLC*, No. 2:20-CV-00254-SMJ, 2022 WL 577665, at *2 (E.D. Wash. Jan. 12, 2022) (holding that "Plaintiffs may not amend their complaint to add a claim that they certainly know is time-barred"). The Court therefore denies Kelete's request for leave to amend his complaint to add a medical negligence claim.

Lastly, Kelete claims that Emblad, along with Defendants Kaiser Hospital and a Doe Kaiser employee, violated 19 Cal. Civ. C. § 56 et seq, known as California Confidentially of Medical Information Act ("CMIA"), by providing a discharge summary to the SFPD. ECF No. 1 at 8–9.

"The CMIA, as amended and reenacted in 1981, is intended to protect the confidentiality of individually identifiable medical information obtained from a patient by a health care provider, while at the same time setting forth limited circumstances in which the release of such information to specified entities or individuals is permissible." *Rossi v. Sequoia Union Elementary Sch.*, 94 Cal. App. 5th 974, 986 (2023) (internal quotation omitted). "CMIA prohibits the unauthorized 'disclosure' of medical information, the negligent maintenance of medical information, and the negligent 'release' of medical information." *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 908 (S.D. Cal. 2020) (citing Cal. Civ. Code §§ 56.10(a), 56.101(a), 56.36(b)).

4

Emblad moves to dismiss Kelete's CMIA claim on the grounds that it sounds in professional negligence and is therefore subject to California's Medical Injury Compensation Reform Act ("MICRA"). *Larson v. UHS of Rancho Springs, Inc.*, 230 Cal. App. 4th 336, 347 (2014) ("[W]hen a plaintiff asserts a claim against a health care provider on a legal theory other than professional negligence, courts must determine whether the claim is nonetheless *based on the health care provider's professional negligence,* which would require application of MICRA." (emphasis in original)). As previously noted, the statute of limitations for professional negligence, pursuant to MICRA, is one year. *Id.* at 346.

"[I]n determining whether the MICRA statute of limitations applies, we look to whether the plaintiff's claim derives from *professional* obligations that are distinct from the duty to exercise ordinary care that is owed to the public generally." *Gutierrez v. Tostado*, 18 Cal. 5th 222, 237–38 (2025) (emphasis in original). "Where the plaintiff's claim is premised on the violation of a professional obligation owed in the rendering of a patient's medical care, treatment, or diagnoses, the claim sounds in professional negligence and the MICRA statute of limitations will apply." *Id.* "Where, in contrast, the alleged negligence does not implicate a specific professional obligation along the foregoing lines and violates only the duty of ordinary care owed to the general public, the claim does not involve professional negligence and the MICRA statute of limitations is inapplicable." *Gutierrez v. Tostado*, 18 Cal. 5th 222, 238 (2025).

Although neither party cites authority, the Court has located *Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005). In *Francies*, the trial court applied the MICRA damages cap to plaintiff's CMIA damages, and the Court of Appeal affirmed. 127 Cal. App. 4th at 1386 n. 11. The Court has also located California Code of Civil Procedure sections 3333.2, subdivision (2), and 340.5, subdivision (2), both of which define professional negligence broadly (and identically): "'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." Because Emblad's alleged actions occurred during the provision of his

5

professional services to Kelete, they constituted professional negligence and are subject to the MICRA one-year statute of limitations. *See also Hennard v. Asian Pacific Health Care Venture Inc*, No. 20CV00470, 2020 WL 12957383, at *5 (Cal.Super. Nov. 06, 2020) (applying MICRA to a CMIA claim).

The Court therefore dismisses Kelete's CMIA claim. Because amendment would be futile, dismissal is with prejudice. Emblad's alternative motion for a more definite statement is denied as moot.

## CONCLUSION

For the reasons set forth above, the Court dismisses Kelete's Section 1983 claim against Dr. William Emblad with leave to amend and dismisses his EMTALA and CMIA claims with prejudice. Leave is granted to file an amended complaint within 28 days solely to correct the deficiencies identified in this order and in the Court's order regarding Kaiser Foundation Hospital's motion to dismiss, ECF No. 11.

**IT IS SO ORDERED.**

Dated: February 2, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6